## STATE v. LOUGHNEY.

No. 4593.   Decided November 10, 1927.   (261 P. 606.)

*Claude F. Baker,* of Eureka, and *J. M. Hamilton,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

GIDEON, J.

The defendant, Clarence E. Loughney, was convicted of the crime of arson in the second degree in the district court of Juab county.  On November 9, 1926, he waived preliminary examination before a committing magistrate, and was bound over to the district court upon a complaint charging

arson in the second degree. From a minute entry of the district court it appears that on January 3, 1927, the case was set for trial on January 4th, at 10 o'clock a. m. An additional minute entry made on January 4th shows that the case was reset for January 5th at 10 o'clock a. m. The defendant was not in court on either the 3rd or 4th. Neither was his counsel. He did appear in court accompanied by his counsel on the morning of the 5th, and a plea of not guilty was entered at about the hour of 11 o'clock a. m. Counsel, appearing at that time for the defendant, stated to the court that he was not ready for trial: that by reason of sickness in his family he could not go forward with the trial, and also stated that the defendant was not prepared, did not have his witnesses present, and could not safely go to trial. Thereupon the court set the case for trial at 2 o'clock p. m. that day. In the interim additional counsel, Claude F. Baker, Esq., was appointed to represent the defendant. Upon the court reconvening at 2 o'clock p. m. Mr. Baker, as counsel for the defendant, was sworn, and in a lengthy statement detailed the reasons why he could not safely proceed to trial, asked for a continuance and time in which to prepare for trial. The court denied the motion for continuance, and ordered that the case proceed to trial. Counsel for defendant excepted to the rulings. Thus, over the objections of counsel for defendant, the case proceeded to trial on the afternoon of January 5th. The denial by the court of defendant's motion for continuance and the court's ruling that the case proceed to trial are assigned as error. The Attorney General has not filed a brief on behalf of the state.

Comp. Laws Utah, 1917, § 8907, being a part of the Code of Criminal Procedure, with its subtitle, is as follows:

*"Preparation for Trial. Time Allowed Defendant.* After his plea, the defendant shall be entitled to at least two days to prepare for trial, but the time of trial shall not be postponed for a longer time than the court may deem imperative."

It will thus be seen, from the plain language of the statute, that defendant was denied a substantial statutory right granted to him by the statute. We are not prepared to say that the denial of that right was not prejudicial. The trial court seems to justify its rulings on the ground and for the reason that the regular jury panel for that term of court had been subpoenaed and were in attendance upon court at the opening on January 3, 1927, and had been held in attendance upon the court during that day and the following day for the especial purpose of trying this case. Such fact, however, should not and could not deprive the defendant of his statutory right to have at least two days to prepare for trial, especially in view of the fact that counsel representing the defendant had only been appointed to represent him in the interim between the taking of the plea at 11 o'clock a. m. and the commencement of the trial at 2 o'clock p. m., and in further view of the sworn statement made by counsel for defendant to the effect that he, before his appointment on that day, and so shortly prior to the commencement of the trial, "had no knowledge of the cause or case here, or what it was all about," and that he could not safely proceed to trial without additional time to procure defense witnesses and prepare for trial.

The case must be reversed and a new trial granted. Such is the order.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.